UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEONARD LICHT, ET AL.<br><br>    Plaintiffs,<br><br>v.<br><br>BINANCE HOLDINGS LIMITED, d/b/a BINANCE.COM, BAM TRADING SERVICES, INC., d/b/a BINANCE.US, and CHANGPENG ZHAO<br><br>    Defendants. | No. 24-cv-10447 |

**PLAINTIFFS' RESPONSE TO**
**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

The District of New Jersey decision that the defendants raise in their notice (*Gonzalez v. Binance et al*) is irrelevant. *Gonzalez* did not involve—let alone address—the question of whether personal jurisdiction may be asserted over the foreign defendants Binance and Zhao under Federal Rule of Civil Procedure 4(k)(2) and its "national contacts" due process analysis. The reason the court in *Gonzalez* did not address that question is because the plaintiff in *Gonzalez* did not invoke Rule 4(k)(2), either in his complaint or his motion papers.

The complaint in *Gonzalez* lodged three New Jersey state law claims (conversion, aiding and abetting conversion, and unjust enrichment). It then tacked on a RICO claim as its fourth cause of action. The complaint included two perfunctory paragraphs addressing personal jurisdiction. The first alleged without explication that "General Jurisdiction is appropriate as to Defendants" and cited to the Supreme Court's decision in *Helicopteros v. Hall*, 466 U.S. 408 (1984). The second alleged that the court had "general personal jurisdiction over Binance because, as an alter ego of [the domestic defendant] BAM, it would be inequitable under the

circumstances to recognize Binance's existence as a separate entity." No. 2:24-cv-8521 (D.N.J.), ECF No. 1, at 10-11. In his memorandum in support of his preliminary injunction motion, the plaintiff did not address personal jurisdiction at all. *See id.*, ECF No. 2. In his reply brief, the plaintiff made a short, unfocused argument that his complaint "pleaded minimum nationwide contacts to have specific jurisdiction over all 3 Defendants over Plaintiff's RICO claim." *Id.* ECF No. 33, at 5-6. In support of that argument, the plaintiff relied entirely on the Third Circuit's decision in *Laurel Gardens, LLC v. McKenna*, 948 F.3d 105 (3d Cir. 2020). *Laurel Gardens* did not involve either foreign defendants or Rule 4(k)(2). The plaintiff's reply brief did not make any mention of Rule 4(k)(2).

Because the plaintiff had not invoked Rule 4(k)(2) as the basis for personal jurisdiction over Binance and Zhao, the court in *Gonzalez* naturally limited its analysis to whether the plaintiff had alleged sufficient contacts **with the State of New Jersey**. *See* ECF No. 48, at 9 ("In his reply, Plaintiff recharacterizes his Complaint allegations as pleading specific jurisdiction based on Named Defendants' contacts in New Jersey."); *id.* at 14 ("None of [the plaintiff's allegations] constitute systematic contacts with New Jersey that would support general jurisdiction."); *id.* at 16 ("Plaintiff's only allegation related to activities in New Jersey . . . concern Plaintiff's 'unilateral activity' . . . and do not support specific jurisdiction."). The court in *Gonzalez* also explained that "[f]or his theories of specific jurisdiction over Binance and Zhao, Plaintiff relies entirely on the presumption that the Court has personal jurisdiction over BAM." *Id.* at 16.

In contrast to the plaintiff in *Gonzalez*, the plaintiffs in this case are not using BAM as the fulcrum on which personal jurisdiction over the foreign defendants Binance and Zhao hinges. Instead, Lenny Licht and his co-plaintiffs have expressly invoked Rule 4(k)(2) with respect to

2

Binance and Zhao. With respect to Binance and Zhao, Rule 4(k)(2) plainly entails a *national contacts* due process analysis, not a state contacts one. *See Angiodynamics, Inc. v. Clarion Med. Techs.*, No. 18-cv-30038, 2019 U.S. Dist. LEXIS 233819, at *20-27 (D. Mass. Sept. 25, 2019) (Mastroianni, J.). Moreover, application of Rule 4(k)(2) to Binance and Zhao does not require the Court to find that Binance, Zhao, or BAM is within the reach of the Massachusetts long-arm statute.

|  |  |
|---|---|
| Dated: October 31, 2024 | Respectfully submitted,<br><br>*/s/ Aaron M. Katz*<br>Aaron M. Katz<br>Keira Zirngibl<br>Patrick Dolan<br>AARON KATZ LAW LLC<br>399 Boylston Street, 6th Floor<br>Boston, MA 02116<br>(617) 915-6305<br>akatz@aaronkatzlaw.com<br>kzirngibl@aaronkatzlaw.com<br>pdolan@aaronkatzlaw.com<br><br>Eric Rosen<br>Constantine P. Economides (*pro hac vice*)<br>DYNAMIS LLP<br>225 Franklin Street, 26th Floor<br>Boston, MA 02110<br>(617) 802-9157<br>erosen@dynamisllp.com<br>ceconomides@dynamisllp.com<br>laduba@dynamisllp.com<br><br>*Attorneys for Plaintiffs* |