UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEONARD LICHT, ZHENGJUN CAI, HENRY CHEN, DANIEL CHANG, DOMINIC CHOW, CHENGGUO DONG, AMINE FENNANE, IHAB W. FRANCIS, JOHN GORDON, SHAI GRANOVSKI, DALTON GREEN, MICHAEL GRILLI, IRAKLIS KARABASSIS, ALICIA LAU, TREVOR LAU, NADER LOBANDI, EISI MOLLANJI, JAMES MOSKWA, ANH NGUYEN, BRIAN ROTHAUS, GORDON SHAYLOR, RICHARD SLAVANT, NATHANIAL THRAILKILL, JACK YAO, EDMUND YEO, and JUN ZHAI,<br><br>      Plaintiffs,<br><br>v.<br><br>BINANCE HOLDINGS LIMITED, d/b/a BINANCE.COM, BAM TRADING SERVICES, INC., d/b/a BINANCE.US, and CHANGPENG ZHAO,<br><br>      Defendants. | Civil Action No. 1:24-cv-10447-NMG |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY**
**DISCOVERY PENDING A RULING ON THEIR MOTION TO DISMISS**

Defendants Binance Holdings Limited ("BHL"), BAM Trading Services, Inc. ("BAM"), and Changpeng Zhao ("Mr. Zhao") (collectively, "Defendants"), by and through their undersigned counsel, submit the following Memorandum of Law in support of their joint Motion to Stay Discovery Pending a Ruling on Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC").

1

## BACKGROUND

This case arises out of Plaintiffs' strained attempt to hold Defendants liable for damages that Plaintiffs allegedly sustained in 2021 or 2022 as a result of "pig butchering" schemes orchestrated by unknown and unidentified criminal syndicates who are not parties to this case. *See generally* FAC, Dkt. 36. Plaintiffs do not allege that Defendants knew of Plaintiffs, the syndicates, or Plaintiffs' alleged injuries before Defendants were named in this lawsuit. Rather, Plaintiffs seek to hold Defendants liable because Defendants allegedly failed to implement an effective anti-money laundering program, which allegedly would have prevented the syndicates from laundering Plaintiffs' assets after the syndicates stole them. *See, e.g., id.* ¶¶ 269-72. As explained in Defendants' Motion to Dismiss briefing (Dkts. 56, 61), each of Plaintiffs' claims fails at the pleading stage for numerous independent reasons, including for the threshold issue of personal jurisdiction over each of the Defendants. Defendants' Motion to Dismiss has been fully briefed since September 13, 2024. Dkt. 61.

On October 27, 2024, Plaintiffs' counsel emailed Defendants' counsel requesting to schedule a Rule 26(f) conference. Ex. 1 to Declaration of Ted Ovrom ("Ovrom Decl."). On October 28, 2024, Defendants' counsel responded to Plaintiffs' counsel by proposing a stay of discovery pending a ruling from the Court on Defendants' Motion to Dismiss. *Id.* On October 29, 2024, Plaintiffs' counsel stated by email that Plaintiffs would not agree to the proposed stay. *Id.* On October 31, 2024, the parties met and conferred over Zoom regarding Defendants' proposal for a stay. Ovrom Decl. ¶ 5. On this meet and confer, Plaintiffs' counsel indicated they would not agree to a full stay of discovery but would consider a partial stay of discovery if Defendants agreed to produce to Plaintiffs all documents that Defendants previously produced to the United States government. *Id.* Defendants' counsel agreed to consider this proposal. *Id.* On November 5, 2024,

Defendants' counsel informed Plaintiffs' counsel that Defendants would not accept Plaintiffs' proposal, and that Defendants continued to maintain that a full stay of discovery pending a ruling on their Motion to Dismiss was appropriate. Ovrom Decl., Ex. 1. On November 6, 2024, Plaintiffs' counsel stated that they would respond to Defendants' motion once it was filed. *Id.*

Because the parties were unable to resolve their dispute, Defendants now move for a stay of discovery pending the Court's ruling on Defendants' Motion to Dismiss. As explained below, there is good cause for a discovery stay because Defendants have moved to dismiss the entire FAC, Defendants' Motion to Dismiss remains pending, and Plaintiffs have no urgent need for discovery in the interim that outweighs the inefficiency risks of beginning discovery before the Court has determined which claims—if any—will proceed.

## **LEGAL STANDARD**

This Court has the power to "stay proceedings in its discretion" in the interest "of time and effort for itself, for counsel, and for litigants." *New Balance Athletic Shoe, Inc. v. Converse, Inc.*, 86 F.Supp.3d 35, 36 (D. Mass. 2015) (quotations omitted) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936)). In that vein, this Court has "broad discretion to stay discovery pending resolution of a motion to dismiss." *Dicenzo v. Massachusetts Dep't of Correction*, 2016 WL 158505, at *1 (D. Mass. Jan. 13, 2016) (citing *Landis*, 299 U.S. at 254). There must be "good cause" to stay discovery, and any stay "must be reasonable in duration," as "the court must ensure that competing equities are weighed and balanced." *Id.* (citing *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1155 (1st Cir. 1992)). "A pending dispositive motion constitutes good cause for a stay of discovery." *Malanowski v. Wells Fargo Bank N.A.*, 2022 WL 2758474, at *2 (D. Mass. July 14, 2022) (collecting cases). This is particularly true where the motion to dismiss raises threshold issues, such as jurisdictional challenges. *See Cathedral Art Metal Co. v. Giftco, Inc.*, No. C.A. 06-

3

465T, 2008 WL 3982466, at *1 (D.R.I. July 31, 2008) ("When a defendant challenges personal jurisdiction, the court may defer pretrial discovery if the record indicates that discovery is unnecessary (or 'unlikely to be useful') in regard to establishing the essential jurisdictional facts.") (citing *Dynamic Image Techs., Inc. v. United States*, 221 F.3d 34, 38-39 (1st Cir. 2000) ("Trial courts have broad discretion in determining . . . whether to permit discovery before deciding jurisdictional issues")).[1]

## ARGUMENT

Defendants' Motion to Dismiss, which is fully briefed and pending before the Court, provides good cause for a limited stay of discovery pending the outcome of that motion. Courts in this District regularly find good cause to stay discovery when a motion to dismiss all claims is pending, as allowing discovery to proceed in such circumstances—where the necessity or scope of discovery is unknown—carries a significant risk of wasting the parties' and the Court's time and resources. *See, e.g., Holland v. Select Portfolio Servicing, Inc.*, 301 F. Supp. 3d 218, 227 (D. Mass. 2018) (staying discovery pending motion to dismiss ruling because that was "the most efficient way to proceed"); *Hillside Plastics, Inc. v. Dominion & Grimm U.S.A., Inc.*, 2018 WL 3727365, at *2 (D. Mass. Aug. 6, 2018) (staying discovery pending motion to dismiss ruling to "avoid[] potentially unnecessary discovery costs") (citation omitted); *accord Channing Bete Co. v. Greenberg*, 2021 WL 4398510, at *5 (D. Mass. Sep. 27, 2021). That rationale applies with full force here. Not only have Defendants moved to dismiss every claim in the case, but each Defendant has challenged personal jurisdiction. *See Malanowski*, 2022 WL 2758474, at *2 ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions

---

[1] There is no such need for jurisdictional discovery in this case. Plaintiffs never requested jurisdictional discovery and Defendants' Motion to Dismiss has now been fully briefed.

4

that may dispose of the case are determined" (citation omitted)); *see also Wilcox Indus. Corp. v. Hansen*, 279 F.R.D. 64, 72 (D.N.H. 2012) ("It is difficult to see how justice would be served by putting [defendant] to the trouble of producing the information [plaintiff] seeks before [the judge] determines whether this court even has personal jurisdiction over [defendant] in the first instance").

Plaintiffs have no urgent need for discovery that outweighs the risks of starting discovery prematurely. Plaintiffs' counsel suggested that their clients need discovery because they allegedly lost a substantial portion of their life savings. Ovrom Decl. ¶ 5. But Plaintiffs' alleged injuries happened years ago, in 2021 or 2022, and are not alleged to be ongoing or worsening. FAC ¶¶ 83, 85, 90, 98, 104, 109-110, 118, 123, 129-30, 136-37, 143, 148, 154, 161, 168, 175, 180, 187, 195, 204, 212, 219, 226, 233, 240, 248, 254. Moreover, Plaintiffs waited eight months after filing their original complaint and nearly two months after Defendants' Motion to Dismiss was fully briefed to raise the issue of discovery, and, tellingly, Plaintiffs did not seek any preliminary injunctive relief, demonstrating a lack of any imminent harm. *Hillside Plastics* is instructive. There, Magistrate Judge Robertson stayed discovery even though the plaintiff's harm was allegedly ongoing because, among other things, the plaintiff had not sought preliminary injunctive relief. 2018 WL 3727365, at *2. A discovery stay is even more appropriate here, as Plaintiffs have neither alleged ongoing harm nor sought preliminary injunctive relief.

Plaintiffs' proposed "compromise" on the parties' meet and confer only reinforces why a discovery stay is necessary. Under the guise of compromising, Plaintiffs made an overbroad, unduly burdensome request for all documents that Defendants previously produced to the United States government. Ovrom Decl. ¶ 5. Just because Plaintiffs' lawsuit "is a transparent attempt to piggyback on criminal cases that the United States has brought and resolved," Dkt. 56 at 23, that

does not mean Plaintiffs are entitled to every document produced in those enforcement proceedings.  Courts routinely reject or limit such requests for "clone" or "copycat" discovery as "inherently overbroad."  *United States v. Anthem, Inc.*, 2024 WL 1116276, at *4 (S.D.N.Y. Mar. 13, 2024) (collecting cases); *accord In re Outpatient Med. Ctr. Emp. Antitrust Litig.*, 2023 WL 4181198, at *6 (N.D. Ill. June 26, 2023) ("Plaintiffs' request for all documents [defendants] produced to the DOJ in the criminal actions is 'facially overbroad'" (citation omitted)); *see In re New England Compounding Pharmacy, Inc. Prod. Liab. Litig.*, 2015 WL 13715593, at *1 (D. Mass. Sept. 10, 2015).  Plaintiffs' proposed "compromise" demonstrates that they will abuse their access to early discovery by making overreaching, overbroad requests that will require this Court's intervention before the Court has even determined that discovery is necessary.

Moreover, Plaintiffs' suggestion that Defendants could reproduce such documents with minimal burden is divorced from the reality that Defendants would be required to expend significant time and resources re-reviewing every previously produced document to confirm that they fall within the scope of permissible discovery *in this case*.  *See, e.g., In re New England Compounding Pharmacy.*, 2015 WL 13715593, at *1 (denying requests for all documents previously produced in parallel criminal proceeding, as "complying with such requests would be inordinately time consuming and expensive").  At this early stage, these burdens outweigh any marginal benefit of expediting such a production, especially where Plaintiffs already have access to extensive public information regarding the referenced enforcement proceedings, including the plea documents that form the basis of the FAC.  *See, e.g.*, FAC at 13 n. 4 (describing "[n]early every allegation" in a subsection of the FAC as "verbatim or near-verbatim" from BHL's and Mr. Zhao's plea documents).

For these reasons, the balancing of equities favors a full discovery stay.  A stay promotes

6

judicial economy and efficiency because Defendants have moved to dismiss "all counts of the complaint," meaning there will be "no need for discovery" if the motion is granted. *Hillside Plastics,* 2018 WL 3727365, at *2 (citation omitted). As set forth in Defendants' Motion to Dismiss briefing (Dkt. 56, 61), Plaintiffs' FAC should be dismissed in its entirety for numerous independent reasons. In these circumstances, Defendants respectfully submit that a stay of discovery is necessary to protect the parties—and this Court—from the substantial burdens of moving forward with discovery when there is a significant chance that discovery will be mooted or substantially narrowed.

## **CONCLUSION**

This Court should grant Defendants' Motion to Stay Discovery.

Dated: November 8, 2024								Respectfully submitted,

/s/ *Joseph P. Davis III*
Joseph P. Davis III (BBO # 551111)
Linda M. Ricci (BBO # 600284)
Mian R. Wang (BBO # 683656)
Alison T. Holdway (BBO # 690569)
GREENBERG TRAURIG, LLP
One International Place, Suite 2000
Boston, MA 02110
Tel.:	(617) 310-6000
davisjo@gtlaw.com
linda.ricci@gtlaw.com
wangm@gtlaw.com
alison.holdway@gtlaw.com

- and -

David I. Miller (*pro hac vice* forthcoming)
GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, NY 10017
Tel.:	(212) 801-9200
david.miller@gtlaw.com

*Counsel for Defendant Binance Holdings Limited*

/s/ *Ted Ovrom*
Isaac Saidel-Goley (BBO # 699659)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02118
Tel.:	(617) 712-7100
isaacsaidelgoley@quinnemanuel.com

- and -

Avi Perry (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1300 I Street, NW, Suite 900
Washington, DC 2005
Tel.:	(202) 538-8330
aviperry@quinnemanuel.com

- and -

Peter H. Fountain (*pro hac vice*)
Ted Ovrom (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, Floor 22
New York, NY 10010
Tel.:	(212) 849-7000
peterfountain@quinnemanuel.com
tedovrom@quinnemanuel.com

*Counsel for Defendant Changpeng Zhao*

*/s/ George Mastoris*
Seth C. Farber (BBO # 554652)
George Mastoris (*pro hac vice*)
Thania Charmani (*pro hac vice*)
Gabriela Beata Wolk (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Tel.:   (212) 294-6700
sfarber@winston.com
gmastoris@winston.com
acharmani@winston.com
gwolk@winston.com

- and -

Daniel T. Stabile (*pro hac vice*)
WINSTON & STRAWN LLP
200 S. Biscayne Boulevard
Miami, FL 33131
Tel.:   (305) 910-0500
dstabile@winston.com

*Counsel for Defendant BAM Trading Services, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on November 8, 2024.

*/s/ Ted Ovrom*