# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEONARD LICHT, ZHENGJUN CAI, HENRY CHEN, DANIEL CHANG, DOMINIC CHOW, CHENGGUO DONG, IHAB W. FRANCIS, JOHN GORDON, DALTON GREEN, MICHAEL GRILLI, IRAKLIS KARABASSIS, NADER LOBANDI, JAMES MOSKWA, ANH NGUYEN, BRIAN ROTHAUS, GORDON SHAYLOR, RICHARD SLAVANT, NATHANIAL THRAILKILL, JACK YAO, and JUN ZHAI,<br><br>Plaintiffs,<br><br>v.<br><br>BINANCE HOLDINGS LIMITED, d/b/a BINANCE.COM, BAM TRADING SERVICES, INC., d/b/a BINANCE.US, and CHANGPENG ZHAO,<br><br>Defendants. | No. 1:24-cv-10447-NMG |

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants Binance Holdings Limited, BAM Trading Services, Inc., and Changpeng Zhao (collectively, "Defendants") respectfully submit the attached opinion from the Supreme Court in *Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, 605 U.S. --- , 2025 WL 1583281 (June 5, 2025), attached as **Exhibit 1**, as supplemental authority in support of Defendants' pending Joint Motion to Dismiss the Second Amended Complaint. *See* Dkt. Nos. 84, 85, 89.

In *Smith & Wesson*, the Government of Mexico sued firearms manufacturers under the Protection of Lawful Commerce in Arms Act ("PLCAA") alleging they aided and abetted third parties' unlawful sales of firearms to drug cartels. 2025 WL 1583281 at *3. The PLCAA generally bars civil actions against firearms manufacturers except if a manufacturer "'knowingly violated a

State or Federal statute applicable to the sale or marketing' of firearms, and that 'violation was a proximate cause of the harm for which relief is sought.'" *Id*. (quoting 15 U.S.C. § 7903(5)(A)(iii)). As set forth in the statute, "the predicate violation . . . may come from aiding and abetting someone else's firearms offense" and would "mak[e] a gun manufacturer civilly liable for the way a third party has used the weapon it made." *Smith & Wesson*, 2025 WL 1583281 at *3–*4. That is, Mexico's claims could survive a motion to dismiss by "plausibly alleging that the manufacturers have aided and abetted gun dealers' firearms offenses (such as sales to straw purchasers), so as to proximately cause harm to Mexico." *Id*. at *5. Mexico alleged that "the manufacturers know" that gun dealers unlawfully sell firearms to criminals. *Id*. at *4, *7–*8.

The Court found that the complaint's allegations that manufacturers know that gun "dealers often engage in illegal transactions with Mexican traffickers" and "could do more than they do to figure out who those rogue deals are, and then . . . cut off their supply of guns" were insufficient to plausibly allege aiding and abetting. *Id*. at *8. The complaint failed to "adequately plead[] what it needs to: that the manufacturers participate in those sales as in something that they wish to bring about, and seek by their action to make succeed." *Id*. at *7 (cleaned up). Further, the complaint "d[id] not pinpoint, as most aiding-and-abetting claims do, any specific criminal transactions that the defendants (allegedly) assisted." *Id*. Because the complaint did not plausibly allege that the manufacturers aided and abetted the gun dealers' unlawful sales of firearms to third-party traffickers, the PLCAA barred the lawsuit. *Id*. at *7–*8.

In reaching its conclusion, the Court applied three foundational principles. *First*, because "aiding and abetting is most commonly a rule of secondary liability for *specific* wrongful acts," someone may "aid and abet a broad category of misconduct" only if "his participation [is] correspondingly pervasive, systemic, and culpable." *Id*. at *6 (emphasis in original) (quotation

2

marks and citations omitted). *Second*, "aiding and abetting usually requires misfeasance rather than nonfeasance." *Id*. *Third*, the defendant must make the conduct its own, and the defendant's knowledge of a third party's misconduct does not constitute aiding and abetting:

> routine and general activity that happens on occasion to assist in a crime—in essence, incidentally—is unlikely to count as aiding and abetting. So, for example, an ordinary merchant[] does not become liable for all criminal misuse[s] of [his] goods, **even if he knows that in some fraction of cases misuse will occur**. The merchant becomes liable only if, beyond providing the good on the open market, he takes steps to **promote the resulting crime and make it his own**. . . . When a company **merely knows** that some bad actors are taking advantage of its products for criminal purposes, it does not aid and abet.

*Id*. (emphasis added) (quotation marks and citations omitted). As the Court noted, "an aider and abettor must participate in a crime as in something that he wishes to bring about and seek by his action to make it succeed." *Id*. at *5 (quotation marks and citations omitted).

*[Signature block on following pages]*

3

Dated: July 7, 2025                                Respectfully submitted,

*/s/ Joseph P. Davis III*
Joseph P. Davis III (BBO # 551111)
Linda M. Ricci (BBO # 600284)
Mian R. Wang (BBO # 683656)
Alison T. Holdway (BBO # 690569)
GREENBERG TRAURIG, LLP
One International Place, Suite 2000
Boston, MA 02110
Tel.:   (617) 310-6000
davisjo@gtlaw.com
linda.ricci@gtlaw.com
wangm@gtlaw.com
alison.holdway@gtlaw.com

- and -

David I. Miller (*pro hac vice*)
GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, NY 10017
Tel.:   (212) 801-9200
david.miller@gtlaw.com

*Counsel for Defendant Binance Holdings Limited*


*/s/ Sonia M. Agee*
Sonia M. Agee (BBO # 566292)
DICKINSON WRIGHT PLLC
MA BBO No. 566292
800 W. California Avenue, Suite 110
Sunnyvale, CA 94086
Tel:   (408) 701-6119
Fax:   (844) 670-6009
sagee@dickinsonwright.com

*Counsel for Defendant Changpeng Zhao*

4

*/s/ Seth C. Farber*
Seth C. Farber (BBO # 554652)
George Mastoris (*pro hac vice*)
Thania Charmani (*pro hac vice*)
Gabriela Beata Wolk (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Tel.:   (212) 294-6700
sfarber@winston.com
gmastoris@winston.com
acharmani@winston.com
gwolk@winston.com

- and -

Daniel T. Stabile (*pro hac vice*)
WINSTON & STRAWN LLP
200 S. Biscayne Boulevard
Miami, FL 33131
Tel.:   (305) 910-0500
dstabile@winston.com

*Counsel for Defendant BAM Trading Services, Inc.*

5