# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEONARD LICHT, ZHENGJUN CAI, HENRY CHEN, DANIEL CHANG, DOMINIC CHOW, CHENGGUO DONG, IHAB W. FRANCIS, JOHN GORDON, DALTON GREEN, MICHAEL GRILLI, IRAKLIS KARABASSIS, TREVOR LAU, NADER LOBANDI, JAMES MOSKWA, ANH NGUYEN, BRIAN ROTHAUS, GORDON SHAYLOR, RICHARD SLAVANT, NATHANIAL THRAILKILL, JACK YAO, and JUN ZHAI, | No. 24-cv-10447-PMK-NMG |
|      Plaintiffs, | |
| v. | |
| BINANCE HOLDINGS LIMITED, d/b/a BINANCE.COM, BAM TRADING SERVICES, INC., d/b/a BINANCE.US, and CHANGPENG ZHAO, | |
|      Defendants. | |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

The Supreme Court's decision last month in *Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos* does not remotely support defendants' motion to dismiss. To the contrary, it substantially undermines the defendants' motion to dismiss.

The conduct underlying the Second Amended Complaint's aiding and abetting theory cannot be described as "routine and general activity." *Smith & Wesson*, Slip Op. at 8. Instead, it is precisely the type of "pervasive, systemic, and culpable" conduct that *Smith & Wesson* deems sufficient to establish "aid[ing] and abet[ting] a broad category of misconduct." *Id.* That is why the defendants were *criminally prosecuted* for it. The Second Amended Complaint alleges in detail

how the defendants purposefully structured Binance's business to accommodate fraudsters, including by systematically, pervasively, and willfully evading federal anti-money laundering requirements that the defendants knew would short-circuit those fraudsters' pig butchering schemes—and then lying to federal law enforcement and regulators about it. The defendants essentially *admitted* to that conduct in their criminal pleas.

Unlike the gun manufacturers in *Smith & Wesson*, which "sell firearms to middleman distributors" that have full "independence," *id.* at 11, the Binance defendants' conduct far removes them from the category of "ordinary merchants" that *Smith & Wesson* protects. *Id.* at 8. Unlike the gun manufacturers in *Smith & Wesson*, the defendants here are not guilty of mere "passive nonfeasance," *id.* at 13, but instead "[took] steps to 'promote' the resulting [pig butchering schemes] . . . ." *Id.* Thus, this is *not* a case where the defendants are merely being criticized for not "do[ing] more than they [did] to figure out who" was using the Binance exchange in furtherance of pig butchering schemes. *Id.* at 12. Moreover, unlike *Smith & Wesson*, where the complaint failed to "provide grounds for thinking that anyone up the supply chain—whether manufacturer or distributor—often acquires [ ] information" identifying "the bad-apple dealers," the complaint here demonstrates that the Binance defendants possessed data clearly identifying accounts that had all the telltale signs of fraud schemes and money laundering—including the accounts controlled by the fraudsters who stole money from the plaintiffs.

Respectfully submitted,

Dated: July 8, 2025

/s/ Aaron M. Katz
Aaron M. Katz
Keira Zirngibl
Patrick Dolan
AARON KATZ LAW LLC
399 Boylston Street, 6th Floor
Boston, MA 02116
(617) 915-6305
akatz@aaronkatzlaw.com
kzirngibl@aaronkatzlaw.com
pdolan@aaronkatzlaw.com

Eric Rosen
Constantine P. Economides
Lance Aduba
DYNAMIS LLP
225 Franklin Street, 26th Floor
Boston, MA 02110
(617) 802-9157
erosen@dynamisllp.com
ceconomides@dynamisllp.com
laduba@dynamisllp.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that the foregoing was served on all counsel of record via the CM/ECF system on July 8, 2025.

*/s/ Aaron M. Katz*